IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-4073-01-CR-C-SOW |
| ) | |
| ROBERT JOSEPH SMART, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Upon motion of defendant Robert Joseph Smart and order of the court, a psychiatric/psychological examination was conducted, pursuant to 18 U.S.C. §§ 4241 and 4242.[1] After the appropriate report was filed, this matter was called for a hearing. The defendant appeared personally and with appointed counsel, Troy Stabenow, Assistant Federal Public Defender. The United States was represented by Lawrence Miller, Assistant United States Attorney. Randall Rattan, Ph.D., Forensic Psychologist, filed a report, testified by telephone and was subject to cross-examination. His evaluation was also introduced into evidence. He concluded that, based on his evaluation of Mr. Sharp, a review of prior psychological evaluations by Missouri officials, and interviews with Mr. Sharp, Mr. Sharp was suffering from a mental disease or defect (psychotic disorder, not otherwise specified) which renders him incompetent to understand the proceedings against him and assist in his defense. No additional evidence was introduced. Dr. Rattan was also of the opinion that Mr. Sharp can probably be restored to competence by appropriate psychiatric care, perhaps without the need for medication. Mr. Sharp, after consulting with counsel, agreed to participate by videoconferencing concerning his mental status if that would expedite future proceedings.

IT IS, THEREFORE, RECOMMENDED that defendant Robert Joseph Smart be found, by a preponderance of the evidence, to be presently suffering from a mental disease or defect

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  It is further

RECOMMENDED that the defendant be committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d)(1), for a reasonable period of time, not to exceed 120 days, to attempt to restore the defendant to competence.  It is further

RECOMMENDED that prior to the expiration of the 120-day period, the court be advised whether there is a substantial probability that in the foreseeable future, the defendant will attain the capacity to permit the trial to proceed, and whether commitment is necessary for an additional reasonable period of time until

> (a) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or

> (b) the pending charges against him are disposed of according to law;

whichever is earlier.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days.  If additional time is needed, a motion for an extension of time must be filed within ten days.  The motion should state the reasons for the request.  See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983).  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 30th day of May, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge